UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
FREEDOM MORTGAGE CORPORATION,

                          Plaintiff,                            **REPORT AND RECOMMENDATION**

    -against-                                              18-cv-1840 (DRH)(SIL)

STORY V. ELMORE-HERNANDEZ,
BLANCHE ROBERTSON

                          Defendants.
---------------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Presently before the Court, on referral from the Honorable Denis R. Hurley for Report and Recommendation, is Plaintiff Freedom Mortgage Corporation's ("Plaintiff" or "Freedom Mortgage") Motion for Default Judgment and Judgment of Foreclosure and Sale. *See* Docket Entry ("DE") [14]. By way of a Complaint filed on March 27, 2018, Plaintiff commenced this diversity action against Defendants Story V. Elmore-Hernandez ("Elmore-Hernandez") and Blanche Robertson ("Robertson") (together, "Defendants"), seeking, among other things, to foreclose on its mortgage encumbering the property located at 174 Melville Road, South Huntington, New York 11746 (the "Subject Property"). *See* Complaint ("Compl."), DE [1]. After Defendants failed to appear or otherwise defend this action, the Clerk of the Court entered default against them on May 16, 2018. *See* DE [10]. On October 22, 2018, Freedom Mortgage filed the instant motion, which Judge Hurley referred to this Court for a recommendation as to whether Plaintiff has demonstrated that the allegations in the

Complaint establish Defendants' liability such that the motion should be granted, and if so, to determine the appropriate remedies. *See* Electronic Order dated October 23, 2018. For the reasons set forth herein, it is respectfully recommended that Freedom Mortgage's motion be granted in part and denied in part, and that Plaintiff be awarded damages and additional relief as described below.

**I.     Background**

On or about May 6, 2016, Elmore-Hernandez executed and delivered a note (the "Note") to Freedom Mortgage by which she promised to pay the principal amount of $301,832.00 in connection to the Subject Property plus interest on any unpaid amount due. *See* Certificate of Merit Pursuant to N.Y. C.P.L.R. § 3012-B ("Certificate of Merit"), DE [1-3], Exhibit ("Ex.") A[1]; Compl. ¶ 7. On the same date, Elmore-Hernandez duly executed and delivered a mortgage (the "Mortgage") in the amount of $301,832.00 to secure payment pursuant to the Note. Certificate of Merit, Ex. A; Compl. ¶ 8. The Mortgage was subsequently assigned to Plaintiff by an assignment executed on February 20, 2018 and recorded with the Suffolk County Clerk on June 6, 2016, under Liber number M00022708 of Mortgage Page 730. Certificate of Merit, Ex. A; Compl. ¶ 8.

Due to her failure to make the payment due on October 1, 2017 and all payments due thereafter in accordance with the terms of the Note and the Mortgage,

---

[1] The Certificate of Merit is also attached, together with the Note, Mortgage and Corporate Assignment of Mortgage filed by Plaintiff, as Exhibit B to the Plaintiff's Declaration in Support of Motion for Default Judgment and Judgment of Foreclosure and Sale ("Plaintiff's Declaration"), DE [15].

Elmore-Hernandez defaulted on both instruments. *See* Plaintiff's Declaration ¶ 4; Compl. ¶ 9. On November 9, 2017, Freedom Mortgage mailed Elmore-Hernandez a demand letter in accordance with the terms of the Mortgage and a ninety-day notice as required by N.Y. Real Prop. Acts. Law § 1304, but Elmore-Hernandez did not cure the default. *See* Plaintiff's Declaration, Ex. F (Affidavit of Plaintiff) ¶¶ 7-9.

By way of Complaint filed on March 27, 2018, Plaintiff commenced this action against Elmore-Hernandez and Robertson, seeking, among other things: (i) judgment determining the amount due to Freedom Mortgage, including principal, interest and various expenses; and (ii) appointment of a referee (the "Referee") to sell the Subject Property at auction to the highest bidder. At the time Plaintiff filed the Complaint, Elmore-Hernandez owed a principal balance of $294,711.76, with interest accruing from September 1, 2017, as well as "late charges, monies advanced for taxes, assessments, insurance, maintenance, and preservation of the [Subject] Property, and the costs, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure." Compl. ¶ 10. Although Robertson is a named defendant and listed as a "Holder of a Life Estate" in the Subject Property in the "Schedule C" attached to the Complaint, Plaintiff raises no allegations against her in the Complaint. The Clerk of the Court issued the Summons as to Defendants on March 27, 2018. *See* DE [5].

On April 3, 2018, Freedom Mortgage filed a Notice of Pendency in the Suffolk County Clerk's Office pursuant to N.Y. C.P.L.R. § 6501 and N.Y. Real Prop. Acts. Law § 1331. *See* Plaintiff's Declaration ¶ 6, Ex. C. Plaintiff effectuated service of the Summons and Complaint upon Defendants and mailed them copies of the Summons,

3

in accordance with N.Y. C.P.L.R. § 3215(g)(3)(iii), on April 17, 2018. *See* Plaintiff's Declaration ¶ 7, Ex. D. Defendants failed to timely answer, move or otherwise respond to the Complaint. *See id.* at ¶ 8. Accordingly, at Freedom Mortgage's request, the Clerk of Court entered default against Defendants on May 16, 2018. *See* DE [10]; Plaintiff's Declaration ¶ 9, Ex. E.

On October 22, 2018, Plaintiff filed the instant motion, which requests, among other relief: (i) a default judgment against Defendants; (ii) foreclosure and sale of the Subject Property; (iii) appointment of Thomas J. Stock, Esq. as Referee to sell the Subject Property in accordance with N.Y. Real Prop. Act. Law § 1351; and (iv) a damages award in the amount of $309,685.17, plus additional pre- and post-judgment interest. *See* Memorandum of Law in Support of Plaintiff's Motion for Default Judgment Pursuant to Fed. R. Civ. P.§ [sic] 55 ("Plaintiff's Memorandum"), DE [16]; Plaintiff's Declaration, Ex. H, Ex. I.

## II.  Default Judgment Standard

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), which provides for a two-step process. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. *See* Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. *See id.* at 55(b). Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373

4

F.3d 241, 246 (2d Cir. 2004); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). However, "[it] is well established that a party is not entitled to a default judgment as a matter of right; rather the entry of a default judgment is entrusted to the sound judicial discretion of the court." *Allstate Ins. Co. v. Howell*, No. 09-cv-4660, 2013 WL 5447152, at \*1 (E.D.N.Y. Sept. 30, 2013) (internal quotation marks and citation omitted).

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). In determining whether to grant a motion for default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Ferrera v. Tire Shop Ctr.*, No. 14-cv-4657, 2015 WL 3562624, at \*2 (E.D.N.Y. Apr. 6, 2015), *report and recommendation adopted*, No. 14-cv-4657, 2015 WL 3604078 (E.D.N.Y. June 5, 2015) (internal quotation marks and citation omitted). Accordingly, prior to entering default judgment, the court must determine whether the plaintiff's allegations establish the defendant's liability "as a matter of law." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015).

5

### III.    Discussion

#### A. Liability

Under New York law,[2] a plaintiff seeking to foreclose upon a mortgage must demonstrate "the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment" on the loan secured by the mortgage. *Gustavia Home, LLC v. Bent*, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (citing *Campaign v. Barba*, 23 A.D.3d 327, 327, 805 N.Y.S.2d 86, 86 (2d Dep't 2005)). Thus, the plaintiff establishes a *prima facie* entitlement to judgment once it submits the mortgage, the unpaid note and evidence of the default, and the burden then shifts to the defendant to rebut the plaintiff's evidence. *Gustavia Home, LLC*, 321 F. Supp. 3d at 414-15; *see also United States v. Estate of Callard*, No. 11-cv-4819, 2017 WL 685604, at *8 (E.D.N.Y. Feb. 1, 2017), *report and recommendation adopted sub nom.* No. 11-cv-4819, 2017 WL 684191 (E.D.N.Y. Feb. 21, 2017) ("[O]nce a plaintiff mortgagee in a foreclosure action has established a *prima facie* case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor.").

Here, the allegations in the Complaint and the documentary evidence submitted in support of the instant motion establish that Freedom Mortgage is entitled to default judgment against Elmore-Hernandez. Plaintiff has produced copies of the Mortgage and the Note, thereby demonstrating Elmore-Hernandez's obligations arising thereunder. *See* Plaintiff's Declaration, Ex. B. The assignment

---

[2] The Mortgage contains a choice of law clause, which provides that "[t]his Security Instrument is governed by federal law and the law of New York State." Mortgage § 15.

6

dated February 20, 2018 confirms Freedom Mortgage's ownership of the Mortgage. *See id.*; Compl. ¶ 8. Moreover, the Note provides that Elmore-Hernandez will be in default if she does "not pay the full amount of each monthly payment on the date it is due . . .[,]" Note § 6.B., and the Mortgage requires Elmore-Hernandez to "pay to [Plaintiff] on time principal and interest due under the Note . . .[,]" Mortgage § 1. Finally, Freedom Mortgage alleges that Elmore-Hernandez defaulted on the Note and Mortgage on October 1, 2017 and failed to cure her default despite Plaintiff's notice of default. *See* Plaintiff's Declaration ¶ 4; Compl. ¶ 9. Because Elmore-Hernandez neither answered Freedom Mortgage's Complaint nor opposed the instant motion, she has failed to rebut Plaintiff's *prima facie* showing that it is entitled to default judgment. The Court therefore recommends that Freedom Mortgage's motion for default judgment against Elmore-Hernandez be granted.

However, the allegations in the Complaint and the documentary evidence submitted do not establish that Plaintiff is entitled to default judgment against Robertson. First, Robertson is not a signatory to the Note or Mortgage. Further, despite Freedom Mortgage's cursory assertion that Robertson holds a life estate in the Subject Property, *see* Compl. ¶ 4, Plaintiff raises no allegations against Robertson in the Complaint. Finally, in the instant motion, Plaintiff has failed to provide any legal basis for judgment against Robertson. Accordingly, the Court recommends that Freedom Mortgage's motion for default judgment against Robertson be denied without prejudice and with leave to renew.

7

## B. **Damages and Remedies**

Once liability is established, the court must ascertain damages with "reasonable certainty." *Hosking v. New World Mortg., Inc.*, 570 Fed. Appx. 28, 31 (2d Cir. 2014). To prove damages, the plaintiff need only show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992). An evidentiary hearing is not required so long as there is a basis, demonstrated through detailed affidavits and other documentary evidence, for the damages awarded. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

Freedom Mortgage seeks $309,685.17 in damages, plus additional interest accrued after June 11, 2018. Damages alleged include: (i) the total amount due on the Note through June 11, 2018 of $306,454.29; (ii) $1,493.38 in fees and disbursements; and (iii) $1,737.50 in attorney's fees. *See* Plaintiff's Declaration, Ex. H. Plaintiff also moves for entry of a proposed Judgment of Foreclosure and Sale permitting it to foreclose upon and sell the Subject Property at auction. *See id.* at Ex. I.

1. Total Amount Due on the Note

Freedom Mortgage seeks to recover the total amount due on the Note, which includes: (i) the unpaid principal balance of $294,711.76 (the "Unpaid Principal Balance"); (ii) $8,305.21 in interest from September 1, 2017 to June 11, 2018 at a rate of 3.625%, along with interest at the same rate until judgment is entered, and at the

8

statutory rate thereafter; (iii) pre-acceleration late charges of $385.42; (iv) advances for taxes of $4,244.65; (v) advances for insurance of $1,021.55; and (vi) advances for property inspections and preservation of $90.00. *See* Plaintiff's Declaration, Ex. H, Ex. I.

      *i.     Unpaid Principal Balance*

Pursuant to the terms of the Note, Elmore-Hernandez promised to pay Freedom Mortgage a total of $301,832.00 in principal. *See* Compl. ¶ 8; Note § 1. The Note further provides that Plaintiff may, in the event of a default, require Elmore-Hernandez to pay the full amount of outstanding principal within "[thirty] days after the date on which [] notice is mailed to [her] or delivered by other means." Note § 6(C). In support of the instant motion, Freedom Mortgage submits an affidavit (the "Affidavit of Plaintiff") executed by Sheena Winn, a Specialist at Freedom Mortgage with "personal knowledge of the operation of and the circumstances surrounding the preparation, maintenance, distribution, and retrieval of records in [P]laintiff's record keeping systems." Plaintiff's Declaration, Ex. F (Affidavit of Plaintiff) ¶¶ 1-2. According to the Affidavit of Plaintiff, at the time of Elmore-Hernandez's default on October 1, 2017, the Unpaid Principal Balance on the Note was $294,711.76. *See id.* at ¶¶ 6, 10. That amount became due on December 9, 2017, thirty days after Plaintiff mailed Elmore-Hernandez notice of her default. *See id.* at ¶ 7; Note § 6(C); *see also* Mortgage § 22(a) (permitting Freedom Mortgage to, upon Defendant's default, require "immediate payment in full of all sums secured by this [Mortgage]"). Plaintiff's allegations and the documentation submitted similarly establish that after

9

Elmore-Hernandez's initial default, she did not make any further payments to reduce the Unpaid Principal Balance. *See* Plaintiff's Declaration, Ex. F (Affidavit of Plaintiff) ¶ 6.; Compl. ¶¶ 9-10. Therefore, the Court recommends that Freedom Mortgage be awarded $294,711.76 to recover the Unpaid Principal Balance against Elmore-Hernandez.

    *ii.*    *Interest*

The terms of the Note also provide that interest accrues on the outstanding principal balance at an annual rate of 3.625% both before and after default. *See* Note § 2. The documentary evidence submitted by Plaintiff establishes that Elmore-Hernandez failed to make the payment due on October 1, 2017 and all subsequent payments. *See* Plaintiff's Declaration, Ex. F (Affidavit of Plaintiff) ¶ 6. Applying the Note's 3.625% annual interest rate to the $294,711.76 Unpaid Principal Balance, interest accrues at a rate of $29.27 per day. As of the date of this Report and Recommendation, Elmore-Hernandez has failed to pay 614 days of accrued interest since September 1, 2017. The Court therefore recommends that Freedom Mortgage be awarded $17,971.36 to recover unpaid interest through the date of this Report and Recommendation. The Court further recommends that Plaintiff be awarded $29.27 per day interest until the date on which judgment is entered. *See E. Sav. Bank, FSB v. McLaughlin*, No. 13-cv-1108, 2015 WL 5657355, at *1 (E.D.N.Y. Aug. 17, 2015) (recommending an award of *per diem* interest in an action for judgment of foreclosure and sale), *report and recommendation adopted*, No. 13-cv-1108, 2015 WL 5664454 (E.D.N.Y. Sept. 24, 2015).

10

In addition, the Court recommends awarding post-judgment interest to be calculated based on the weekly average one-year constant maturity Treasury yield for the week preceding the date on which judgment is entered. *See* 28 U.S.C.§ 1961 (a) ("[I]nterest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding."); *see also Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008) (holding that post-judgment interest is mandatory and calculated pursuant to federal statute); *Builders Bank v. N. Funding, LLC*, No. 08-cv-3575, 2012 WL 4928854, at *1 (E.D.N.Y. Oct. 16, 2012) (awarding post-judgment interest at the federal rate in action for judgment of foreclosure and sale).

    iii.    *Pre-Acceleration Late Charges*

Next, Freedom Mortgage seeks $385.42 in "Pre-acceleration Late Charges." *See* Plaintiff's Declaration, Ex. H. The Note provides that if a monthly payment is more than fifteen days late, then the borrower must pay a late charge of 4.000% of the amount overdue. Note § 6A; *see also* Mortgage § 1. Plaintiff has provided documentation reflecting a late charge of $110.12 for payments past due for October 1, 2017 to November 1, 2017, but has failed to provide documentation in support of its request for $385.42 in late charges. *See* Plaintiff's Declaration, Ex. F. Accordingly, the Court recommends that Freedom Mortgage be awarded a total of $110.12 for pre-acceleration late charges. *See E. Sav. Bank, FSB v. Beach*, No. 13-cv-341, 2014 WL 923151, at *11 (E.D.N.Y. Mar. 10, 2014) (recommending award of late charges based

11

on plaintiff's submission of document "provid[ing] a breakdown of all late charges that have accrued since the inception of the loan"); *E. Sav. Bank, FSB v. Bright*, No. 11-cv-1721, 2013 WL 3282889, at *3 (E.D.N.Y. June 27, 2013) (recommending award of late charges "[s]ince the amount requested is supported by the entries on the transaction history submitted").

    iv.    *Advances for Taxes, Insurance, Property Inspections and Preservation*

Plaintiff also seeks to recover advances totaling $5,356.20, comprised of: (i) $4,244.65 in taxes; (ii) $1,021.55 in insurance costs; and (ii) $90.00 in property inspections and preservation costs. See Plaintiff's Declaration, Ex. H. Pursuant to the Mortgage, Elmore-Hernandez is responsible for "Escrow Items," which include, among other things, taxes, assessments, leasehold payments, and insurance premiums. *See* Mortgage §§ 3(a), 4; *see also* Compl. ¶ 10; Plaintiff's Declaration ¶ 14. In addition, Freedom Mortgage may charge Elmore-Hernandez "fees for services performed in connection with [her] default, for the purpose of protecting [Plaintiff's] interest in the [Subject] Property and rights" under the Mortgage. Mortgage § 13.

Notwithstanding Freedom Mortgage's right to collect such amounts under the Mortgage, the Court finds that Plaintiff has failed to provide sufficient documentation—such as invoices, receipts or other documentary proof—to substantiate its requests. Rather, Freedom Mortgage submitted only the Affidavit of Plaintiff and the Statement of Damages, both of which assert that advances totaling $5,356.20 are due, without further explanation. Such conclusory allegations are insufficient. *See Onewest Bank, N.A. v. Vaval*, No. 14-cv-3437, 2016 WL 3945342, at

12

*3 (E.D.N.Y. July 19, 2016) (declining to award judgment for escrow advances where the plaintiff failed to submit adequate documentation supporting the amounts requested). Accordingly, the Court recommends that the application for an award of $5,356.20 for tax, insurance, property inspections and preservation be denied without prejudice and with leave to renew upon Plaintiff's submission of appropriate supporting documentation.

2. Fees and Disbursements

Freedom Mortgage further seeks a total of $1,493.38 in fees and disbursements, comprised of: (i) the $400.00 filing fee in this action; (ii) $663.38 for "[p]aid for searches"; (iii) $210.00 for service of the Summons and Complaint; and (iv) the $220.00 Notice of Pendency filing fee. *See* Plaintiff's Declaration, Ex. H. Both the Note and the Mortgage provide for the recovery of fees, costs and other expenses incurred by Plaintiff in connection with its enforcement of those instruments. *See* Note § 6(E); Mortgage § 18(c).

In this Circuit, reasonable and identifiable out-of-pocket disbursements ordinarily charged to clients are recoverable. *See LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998); *see also OneWest Bank, NA v. Raghunath*, No. 14-cv-3310, 2015 WL 5772272, at *7 (E.D.N.Y. Sept. 8, 2015), *report and recommendation adopted sub nom.*, No. 14-cv-3310, 2015 WL 5774784 (E.D.N.Y. Sept. 29, 2015). The party seeking to recover costs, however, "bears the burden of adequately documenting and itemizing the costs requested." *Ganci v. U.S. Limousine Serv. Ltd.*, No. 10-cv-3027, 2015 WL 1529772, at *8 (E.D.N.Y. Apr. 2, 2015) (internal quotation marks and

13

citation omitted). A party is not entitled to recover costs for which it provides inadequate substantiation. *See Douyon v. N.Y. Med. Health Care, P.C.*, 49 F. Supp. 3d 328, 352 (E.D.N.Y. 2014) (finding that without underlying documentation of itemized expenses, the Court has "no way of confirming" that costs were incurred by counsel); *Joe Hand Promotions, Inc. v. Elmore*, No. 11-cv-3761, 2013 WL 2352855, at *12 (E.D.N.Y. May 12, 2013) (declining to award costs due to an absence of documentation).

As an initial matter, the Court takes judicial notice that Freedom Mortgage incurred the $400.00 filing fee in this action. *See* DE [1]; *see also Douyon*, 49 F. Supp. 3d at 352 (taking judicial notice of the filing fee reflected on the docket). Additionally, Plaintiff has submitted invoices from: (i) Advantage Foreclosure that sufficiently evidence the $663.38 fee for "paid for searches"[3]; (ii) Provest that sufficiently evidence the $210.00 fee in connection with serving the Summons and Complaint upon Defendants; and (iii) Suffolk County Supreme Court that sufficiently evidence the $220.00 notice of pendency filing fee. *See* Plaintiff's Declaration, Ex. H. Accordingly, the Court recommends that Freedom Mortgage be awarded a total of $1,493.38 for fees and disbursements, including post-judgment interest thereon pursuant to 28 U.S.C. § 1961(a).

---

[3] N.Y. C.P.L.R. § 8301(a)(10) authorizes an award of "necessary disbursements for . . . the expenses of searches made by title insurance, abstract or searching companies, or by any public officer authorized to make official searches and certify to the same, or by the attorney for the party to whom costs are awarded, taxable at rates not exceeding the cost of similar official searches."

14

3. <u>Attorney's Fees</u>

Additionally, Plaintiff seeks to recover attorney's fees totaling $1,737.50. *See* Plaintiff's Declaration, Ex. G, Ex. H. In a diversity action, such as the instant matter, state law governs the issue of counsel fee availability. *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 177 (2d Cir. 2005) (noting that "[s]tate law creates the substantive right to attorney's fees"). Attorney's fees in mortgage foreclosure actions may only be recovered if they are contractually authorized, as there is no statute in New York providing for the recovery of attorney's fees in such actions. *Vigo v. 501 Second St. Holding Corp.*, 121 A.D.3d 778, 779, 994 N.Y.S.2d 354, 356 (2d Dep't 2014) (internal citation omitted).

Here, both the Note and the Mortgage entitle Freedom Mortgage to recover reasonable attorney's fees in the event Elmore-Hernandez defaults and Plaintiff files a lawsuit for foreclosure of the Subject Property. *See* Note § 6(E); Mortgage § 13. However, a contractual provision providing for attorney's fees "may only be enforced to the extent that the amount sought is reasonable and warranted for the services actually rendered." *Vigo*, 121 A.D.3d at 779, 994 N.Y.S.2d at 356 (internal citation omitted). "In determining reasonable compensation for an attorney, the court must consider such factors as the time, effort, and skill required; the difficulty of the questions presented; counsel's experience, ability, and reputation; the fee customarily charged in the locality; and the contingency or certainty of compensation." *People's United Bank v. Patio Gardens III, LLC*, 143 A.D.3d 689, 691, 38 N.Y.S.3d 262, 264 (2d Dep't 2016) (internal quotation marks and citation omitted). Customary market

15

rates may be determined based on evidence presented or a judge's own knowledge of the hourly rates charged in the district where the district court sits. *E. Sav. Bank, FSB*, 2013 WL 3282889, at *5 (internal citations omitted). For actions involving mortgages, courts in the Eastern District of New York award hourly rates ranging from $150 to $175 for senior associates and $200 to $250 for partners. *Bank of Am. v. Viders*, No. 10-cv-0025, 2011 WL 4527419, at *3 (E.D.N.Y. July 26, 2011), *report and recommendation adopted sub nom.*, No. 10-cv-0025, 2011 WL 4440357 (E.D.N.Y. Sept. 23, 2011); *see also Home Loan Inv. Bank, F.S.B. v. Lemans Props., LLC*, 11-cv-1107, 2012 WL 1020430, at *6 (E.D.N.Y. Mar. 2, 2012), *report and recommendation adopted*, No. 11-cv-1107, 2012 WL 1019597 (E.D.N.Y. Mar. 26, 2012).

The $1,737.50 in attorney's fees here is based on the following hourly rates: (i) $215.00 for attorneys; and (ii) $80.00 for paralegals. Freedom Mortgage's counsel, Stephen J. Vargas, is a Supervising Attorney in Gross Polowy, LLC's Westbury office and has represented plaintiffs in residential mortgage foreclosure actions for nine years. *See* Plaintiff's Declaration, Ex. G. In light of Mr. Vargas's experience, the Court finds an hourly rate of $215.00 to be reasonable. Moreover, Plaintiff has submitted documentation of: (i) the professional services provided; (ii) the name of the person who provided each service; (iii) the dates of the charges; and (iv) the time spent on each task, all of which the Court concludes are adequate and appropriate. *See id.* Accordingly, the Court recommends that Freedom Mortgage be awarded $1,737.50 in attorney's fees.

4. <u>Judgment of Foreclosure and Sale and Appointment of Referee</u>

Finally, Freedom Mortgage seeks a judgment of foreclosure and sale of the Subject Property, which also appoints a Referee to conduct the sale. *See* Plaintiff's Declaration ¶¶ 11-12. A plaintiff is entitled to foreclose upon and sell a property if it demonstrates "the existence of an obligation secured by a mortgage, and a default on that obligation." *OneWest Bank, N.A. v. Denham*, No. 14-cv-5529, 2015 WL 5562980, at *5 (E.D.N.Y. Aug. 31, 2015), *report and recommendation adopted*, No. 14-cv-5529, 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015) (internal quotation marks and citation omitted). Courts routinely appoint referees to effectuate the sale of foreclosed properties. *See, e.g.*, *PMB Tech. Servs., LLC v. Mazoureix*, No. 14-cv-4834, 2015 WL 5664823, at *1 (E.D.N.Y. Sept. 23, 2015) (awarding a judgment of foreclosure and sale under the supervision of a referee); *E. Sav. Bank, FSB v. Evancie*, No. 13-cv-878, 2014 WL 1515643, at *1 (E.D.N.Y. Apr. 18, 2014).

While Plaintiff has demonstrated its presumptive right to foreclose upon the Subject Property due to Elmore-Hernandez's default, it has failed to demonstrate its right to foreclose against Robertson. Robertson's life estate in the Subject Property precedes the Mortgage, *see* Mortgage, Schedule A, and Freedom Mortgage has failed to provide any factual or legal basis upon which the Court can reach a conclusion as to Plaintiff's rights against the holder of a life estate. Accordingly, the court recommends that Freedom Mortgage's Proposed Judgment of Foreclosure and Sale be denied without prejudice and with leave to renew in order to fully establish its rights against Robertson.

17

## IV.   Conclusion

For the reasons set forth herein, the Court respectfully recommends that Freedom Mortgage's motion for default judgment against Elmore-Hernandez be granted in part and denied in part, and that Plaintiff be awarded: (i) $294,711.76 for the Unpaid Principal Balance on the Note; (ii) $17,971.36 in accrued interest, plus *per diem* interest of $29.27 until judgment is entered, and post-judgment interest pursuant to 28 U.S.C.§ 1961(a); (iii) $110.12 for pre-acceleration late charges; (iv) $1,493.38 for fees and disbursements;  and (v) $1,737.50 in attorney's fees. The Court further recommends that Freedom Mortgage's requests for reimbursement of taxes, insurance, property inspections and preservation be denied without prejudice and with leave to renew upon the submission of the appropriate supporting documentation.  Additionally, the Court recommends that Plaintiff's motion for default judgment against Robertson be denied without prejudice and with leave to renew.  Finally, the Court recommends that Freedom Mortgage's Proposed Judgment of Foreclosure and Sale be denied without prejudice and with leave to renew upon the submission of documentation demonstrating that Plaintiff is entitled to a Judgment of Foreclosure and Sale against Robertson.

## V.   Objections

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below.  Plaintiff is directed to serve a copy of it on each Defendant via first-class mail and file proof of service by ECF within three days of the date below.  Any objections to this Report and Recommendation must be filed

18

with the Clerk of the Court within fourteen days. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:   Central Islip, New York
         May 8, 2019

                              /s/ Steven I. Locke
                              STEVEN I. LOCKE
                              United States Magistrate Judge